WILLIAM FISCHMAN, Respondent, *v.* SANITARY TOILET COMPANY, Appellant.

(Supreme Court, Appellate Term, First Department, June, 1920.)

Bailments — what is not a bailment — railroad stations — when complaint dismissed.

> Plaintiff went into the public toilet room in a railway station and handed his overcoat to the attendant at the same time he paid for a towel. After he got on the train he missed the coat, but on asking for it several hours later the attendant, whose duty it was simply to clean the place and collect for the towels, told him he had returned it to him. *Held,* that there was no bailment of the overcoat and that the complaint in an action against defendant, who merely had the privilege of selling towels, should have been dismissed upon the merits.

APPEAL from a judgment of the Municipal Court of the city of New York, borough of Manhattan, ninth district.

John T. Booth, for appellant.

Cecil B. Ruskay, for respondent.

*Per Curiam.* Plaintiff on January 18, 1919, visited the public toilet room in the Flatbush avenue station of the Long Island railroad in the borough of Brooklyn, New York city. Thereafter he washed his hands, giving ten cents to an attendant for a towel. He alleges that at the same time he handed his overcoat to the attendant, although there were hooks fastened to the wall upon which to hang clothing. Plaintiff testified that he was in a hurry and after drying his hands rushed for the train. After he got on the train he missed the coat, but continued to the point of destination. He returned about two hours later and asked the attendant for his coat. The latter replied that he did not have it, and that he had returned the garment to the plaintiff. The court below rendered judgment in favor of the plaintiff for the sum of $123, the value of the coat and its contents, together with costs and disbursements.

The judgment must be reversed. The only theory advanced for sustaining the recovery is that the relation and conduct of the parties created a bailment, and that as a result thereof the defendant was responsible for the act of its employee in failing to return the coat upon demand. The plaintiff in support of its contention cites a number of cases, the facts of which are not analogous to the situation presented herein, and all of which proceed upon the theory of a bailment. No bailment, however, can be said to exist in the case at bar. The railroad maintains public toilets as a matter of necessity for the use of the travelling public, and it cannot be held that the plaintiff was in any sense the guest of the defendant, who merely had the privilege of selling towels. The attendant therein,

whose duty it was to clean the place and to collect for the towels, was not acting in the scope of his employment so as to bind his master in taking charge of the plaintiff's coat. Judgment accordingly reversed, and complaint dismissed upon the merits with thirty dollars costs to appellant in this court and costs in the court below.

Present: BIJUR, DELEHANTY and WAGNER, JJ.

Judgment reversed, with thirty dollars costs.